# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| PLANNED PARENTHOOD OF MARYLAND, INC., *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>XAVIER BECERRA, Secretary of the United States Department of Health and Human Services, in his official capacity, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:20-cv-00361-CCB |

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
### PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiffs Planned Parenthood of Maryland and the Consumer Plaintiff Class hereby move the Court for an award of $71,800 in attorneys' fees to be paid by Defendants Xavier Becerra, the United States Department of Health and Human Services ("HHS"), Chiquita Brooks-LaSure, and the Centers for Medicare and Medicaid Services. As detailed more fully below, Plaintiffs are entitled to an award of attorneys' fees because they are qualified, prevailing parties, Defendants' position was not substantially justified, and no special circumstances make an award unjust. Moreover, the attorneys' fees Plaintiffs request are reasonable in light of the nature of the litigation and the relief obtained.[1]

---

[1] The parties are engaged in negotiations in an attempt to settle the matter of attorneys' fees without this Court's involvement. Per the Court's October 27, 2021 Order, ECF No. 68, should the parties be unable to resolve the matter by January 15, 2022, Plaintiffs will file supplemental materials including a memorandum in support of this Motion and further documentation.

**FACTUAL BACKGROUND[2]**

This litigation involves an Administrative Procedure Act challenge to a federal rule (the "Separate-Billing Rule") reinterpreting Section 1303 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18023, which requires insurers offering insurance plans through ACA health benefit exchanges (hereinafter "issuers") that provide coverage for abortions to collect separate payments from plan enrollees and establish separate accounts for the deposit of those payments—one for the portion of their premium attributable to federally excluded abortion services, and one for all other coverage under their plan. The Separate-Billing Rule challenged here starkly departed from prior HHS regulations and guidance as to how to comply with Section 1303 by requiring issuers to send two separate bills to policyholders and to instruct policyholders to pay their premium in two separate transactions. *See* ACA; Exchange Program Integrity, Final Rule, 84 Fed. Reg. 71,674 (Dec. 27, 2019) (to be codified at 45 C.F.R. pts. 155, 156); as modified by ACA; Exchange Program Integrity, Notice of Correction, 85 Fed. Reg. 2,888 (Jan. 17, 2020).

After certifying a nationwide class of consumer plaintiffs harmed by the Separate-Billing Rule, this Court granted summary judgment to that class and Planned Parenthood of Maryland. *See* Order, ECF No. 59. In doing so, it held that the Separate-Billing Rule was arbitrary, capricious, and contrary to Section 1554 of the ACA, vacated the rule, and enjoined Defendants from enforcing it. *Id.*; *see also* Mem., ECF No. 58. Defendants appealed. ECF No. 62. Following the change in federal administrations in early 2021, Defendants moved to suspend appellate proceedings. Unopposed Mot. to Hold Appeal in Abeyance, *Planned Parenthood of Md. v. Azar* ("*PPM*"), No. 20-2006, (4th Cir. Jan. 27, 2021), ECF No. 24. In July 2021, HHS published a notice of proposed rulemaking that proposed, *inter alia*, to repeal the Separate-Billing Rule's requirement

---

[2] Unless otherwise indicated, all internal quotation marks and citations are omitted.

that issuers separately bill for and instruct consumers to separately pay for the portion of the insurance premium attributable to coverage for abortion services. *See* 86 Fed. Reg. 35,156, 35,216 (July 1, 2021). On September 27, 2021, HHS published the new final rule in the Federal Register, in which it, *inter alia*, finalized its proposal to repeal the challenged separate-billing requirement. 86 Fed. Reg. 53,447 (Sept. 27, 2021) (to be codified at 45 C.F.R. pts. 147, 155, 156). On September 28, 2021, Defendants filed an Unopposed Motion for Voluntary Dismissal of Appeal, *see PPM*, No. 20-2006, ECF No. 30, which the Fourth Circuit granted that same day, *see PPM*, No. 20-2006, ECF No. 31 (granting motion to dismiss); ECF No. 32 (issuing mandate).

## ARGUMENT

### I. Plaintiffs are entitled to an award of attorneys' fees under EAJA.

Plaintiffs are entitled to attorneys' fees under EAJA, as they are clearly qualified, prevailing parties in litigation against the United States. There is no question that the relief obtained by Plaintiffs in this case "materially alter[ed] the legal relationship between the parties by modifying the [Defendants'] behavior in a way that directly benefit[ted]" the Plaintiffs. *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Accordingly, Plaintiffs prevailed under EAJA. Plaintiffs also satisfy EAJA's requirement that a prevailing party be qualified to recoup fees. *See* 28 U.S.C. § 2412(d)(2)(B). None of the named consumer plaintiffs had a net worth greater than two million dollars at the time the lawsuit was filed. Planned Parenthood of Maryland is a non-profit 501(c)(3) organization that, at all times during this litigation, had fewer than 500 employees.

Because Plaintiffs have established that they are qualified, prevailing parties, they are entitled to fees and expenses under EAJA unless the Court finds that the government's position was "substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A). Defendants bear the burden of establishing any such substantial justification or

special circumstances, *see, e.g.*, *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014), and cannot satisfy that burden here.

Under EAJA, the government's position can be substantially justified only if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 564 (1988); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158–60 (1990). The substantial justification test must be satisfied both by the agency action that led to the litigation and also by subsequent litigating conduct. *See Meyer*, 754 F.3d at 255; *United States v. 515 Granby, LLC*, 736 F.3d 309, 315–16 (4th Cir. 2013). The Court's rationale in this case makes clear that the government's position, both in adopting the Separate-Billing Rule and defending it, was not substantially justified. As the Court emphasized, HHS acknowledged "that the plain language" of the ACA did not require the rule and "provided virtually no explanation for [its] finding that the 'separate billing' rule is more consistent with Congressional intent." Mem. 26, ECF No. 58. The Court also determined that HHS's selection of an implementation date for the rule was plainly unreasonable. *Id.* at 27–29. Moreover, although HHS initially appealed this Court's decision, it later explained that it "reassessed the value of the separate billing regulation and no longer believe[s] it is justified in light of the high burden it would impose on issuers, states, Exchanges, and consumers, as well as the high likelihood of consumer confusion and unintended losses of coverage." 86 Fed. Reg. at 53,449. HHS itself has thus admitted that the Separate-Billing Rule was unreasonable.

Nor could HHS demonstrate that a "special circumstance" justifies a denial of attorneys' fees in this case. Courts have interpreted "special circumstances" as a "directive for courts to apply traditional equitable principles in determining whether a prevailing party should receive a fee award under EAJA." *Air Transp. Ass'n of Can. v. F.A.A.*, 156 F.3d 1329, 1333 (D.C. Cir. 1998).

This "narrowly construed" and "rare" exception, *Taucher v. Rainer*, 237 F. Supp. 2d 7, 15 (D.D.C. 2002), is not implicated here.

**II. The amount of the requested award is reasonable.**

Plaintiffs request a total of $71,800 in attorneys' fees under EAJA. Plaintiffs seek fees for 353.8 hours of attorney time (for a total of $70,760) and 8 hours of paralegal time (for a total of $1,040). Both in total and in its component parts, this request is facially reasonable and commensurate with the complexity of the issues, the success of the litigation, and the relief obtained.

Plaintiffs' requested rates are reasonable. Under EAJA, attorneys' fees may be awarded at $125 per hour, plus a cost of living adjustment. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The District of Maryland has routinely applied such an adjustment in awarding fees. Plaintiffs seek an hourly rate of $200 per hour for attorneys as a fair reflection of the adjusted maximum hourly rate under EAJA. *See, e.g., Vikki D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3898, 2019 WL 4915973, at *2 (D. Md. Oct. 4, 2019) (awarding $199.95 per hour); *Acosta v. Ameriguard Sec. Servs., Inc.*, No. CV-JKB-1S-3484, 2019 WL 498846, at *3 (D. Md. Feb. 8, 2019) (awarding $203.02 per hour). Each of the attorneys would bill at a market rate well above $200 per hour, further underscoring the reasonableness of the requested rate. Moreover, a $200 hourly rate for attorneys is consistent with the guidelines contained within Appendix B to the Local Rules as to reasonable hourly rates for even the most junior attorneys admitted to the bar for less than five years. D.Md. R. Appx B at 124–125. Plaintiffs seek an hourly rate of $130 per hour for paralegals, which is similarly well within the guidelines set forth in Appendix B to the Local Rules. *Id.*

The hours for which Plaintiffs' counsel seeks payment are similarly reasonable. Plaintiffs' counsel have contemporaneously maintained accurate records of time spent in this matter. They

have also carefully reviewed their time and have exercised prudent billing judgment. In requesting recovery for only 361.8 attorney and paralegal hours worked, Plaintiffs' counsel have declined to ask for recompense for significant time actually spent on this matter, including time spent on the case by co-counsel Andrew Beck (American Civil Liberties Union) and time spent by interns or by other attorneys who did not appear in the action.

Moreover, Plaintiffs' attorneys' hours are reasonable given the tasks that were required of them, the complexity of the case, the quality of the resulting work product, and the victory that was achieved as a result.

**CONCLUSION**

Plaintiffs respectfully request that the Court should award Plaintiffs' attorneys' fees of $71,800 as detailed above.

October 28, 2021

Respectfully submitted,


/s/ Andrew D. Freeman
Andrew D. Freeman, Bar No. 03867
Monica R. Basche, Bar No. 20476
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Phone: (410) 962-1030
Fax: (410) 385-0869
adf@browngold.com
mbasche@browngold.com

*Attorneys for Plaintiffs and Proposed Class*

Andrew Beck*
Meagan Burrows*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2633
Fax: (212) 549-2652

abeck@aclu.org
mburrows@aclu.org
*Attorneys for Plaintiffs Kirsty Hambrick,
Rebecca Barson, Mariel DiDato, and Tanja
Hollander and Proposed Class*

Julie A. Murray*
Carrie Y. Flaxman*
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
Phone: (202) 803-4045
julie.murray@ppfa.org
carrie.flaxman@ppfa.org
*Attorneys for Plaintiff Planned Parenthood of
Maryland, Inc.*

* Admitted pro hac vice